HAARMANN–DE LAIRE–SCHAFFER CO. v. LEUDERS et al.

(Circuit Court, S. D. New York. November 9, 1904.)

1. EQUITY—ORIGINAL BILL IN THE NATURE OF SUPPLEMENTAL BILL.

Where a bill to restrain infringement of a patent by an assignee conformed in form and substance to the requirements of an original bill in the nature of a supplemental bill, it was not objectionable on the ground that it was a supplemental bill only.

2. PATENT—INFRINGEMENT—ACTION BY ASSIGNEE.

Where, pending a suit to restrain infringement of a patent, it was assigned, and the assignee filed an original bill in the nature of a supplemental bill, and claimed no title through persons not complainants in the original bill, but who joined in the assignment, the defendants could avail themselves of any equity or defense which had arisen since the original bill was filed, or which could be urged against the new complainant, but which did not exist against the original complainant; but in all other respects the assignee was entitled to the benefit of all the proceedings in the original suit.

C. A. L. Massie, for complainant.
Hans von Briesen, for defendant.

WALLACE, Circuit Judge. The defendants have demurred to an original bill in the nature of a supplemental bill filed by leave of the court. The objection that the bill is a supplemental bill, and not an original bill in the nature of a supplemental bill, is without merit. The bill conforms in form and substance to the requirements of an original bill in the nature of a supplemental bill. Story's Equity Pleading (9th Ed.) § 353; Beach, Modern Equity Practice, § 512. Nor is there any merit in the contention that the complainant is asserting a different and more extensive title than that held by the complainants in the original suit. The original complainants were members of the copartnership of Haarmann & Reiner, some being dormant and others active partners, and this copartnership was the assignee and owner of the patent in suit. The assignment of this patent since the suit was brought to the corporation which is the present complainant occasioned the necessity for the present bill. It is true that some of the persons who appear to have joined in this assignment were not complainants in the original bill; but the present complainant does not allege that it has acquired any title from these persons; its bill avers that the original complainants have assigned to it the entire right, title, and interest in the patent. If these persons were in fact co-owners of the patent with the original complainants, the present complainant cannot under its bill set up any title derived from them. On the other hand, if the original complainants were not the sole owners of the patent, the defendants can avail themselves of the defense as fully as they would be entitled to in the original suit. They have a right to avail themselves of any equity or defense which has arisen since the original bill was filed, or which may be urged against the new complainant, but did not exist against the original complainants. In other respects the present complainant is entitled to the benefit of all the proceedings in the original suit. If the case made by the bill and proofs is one in which the original complainants would have been entitled to the relief sought by their bill if they had not transferred their interest, the present complainant is entitled to the same relief.

The demurrer is overruled, with costs.